IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AE MEDICAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CANDELA CORPORATION, INC., <br><br> Defendant. | CIV. NO.: 24-1286 (SCC) |

**OPINION AND ORDER**

Pending before the Court is a motion to dismiss by Defendant Candela Corporation, Inc. ("Candela"). Docket No. 31.

**I. BACKGROUND**

Plaintiff AE Medical Technologies, Inc. ("AE Medical") initially sought injunctive relief to "prevent[] the cancellation" of its distribution agreement with Candela. Docket No. 1, pg. 8. It moved for a temporary restraining order ("TRO") and a preliminary injunction on June 25, 2024. *See id.* It filed the complaint, limited to injunctive relief, on June 28. Docket No. 3.

| AE Medical Technologies, Inc. v. Candela Corporation, Inc. | Page 2 |
|---|---|

That same day, the Court denied the request for a TRO, Docket No. 6, and referred the request for a preliminary injunction to Magistrate Judge López-Soler for a report and recommendation, Docket No. 7. Magistrate Judge López-Soler ordered prompt service of process and response by Candela to the preliminary injunction request and scheduled a hearing for July 11. Docket Nos. 8–9.

On July 9, after service, Docket No. 14, and a response to the preliminary injunction request by Candela, Docket No. 17, the parties filed a joint informative motion stating that they reached a temporary settlement that the distribution agreement "shall remain in full force and effect." Docket No. 18, pg. 1. They also asked for an order "directing the specific enforcement of the agreement" and "cancelling as moot" the hearing. Docket No. 18, pg. 1. Magistrate Judge López-Soler noted and approved the motion. Docket No. 19. She also vacated the hearing and issued a Report and Recommendation ("R&R") "recommend[ing] that the Court adopt the agreement reached by the parties" and "deem [the] request for a preliminary injunction" moot. Docket No. 20.

| AE Medical Technologies, Inc. | Page 3 |
| v. Candela Corporation, Inc. | |

The Court adopted the R&R and found moot the motion for a preliminary injunction. Docket No. 23. Further, given that the parties agreed to abide by the contract and that AE Medical filed suit "because it believed [Candela] intended to unilaterally terminate" the contract, the Court ordered AE Medical to show cause as to why the case ought not to be dismissed as moot. Docket No. 24. The Court also found moot the motion Candela had filed for an extension of time to answer or otherwise plead, Docket No. 22, as whether Candela would have to do so "w[ould] depend on [AE Medical's] response to the Order to Show Cause," Docket No. 25.

AE Medical requested an extension of time to comply with the Order, stating that it intended to meet with Candela and that, if there was no final settlement between them, amend the complaint to seek legal remedies. Docket No. 26. The Court granted the motion. Docket No. 27.

AE Medical and Candela then jointly filed a motion asking for a further extension. Docket No. 28. AE Medical would either "request the voluntary dismissal of the case" or

| | |
|---|---:|
| AE Medical Technologies, Inc.<br>v. Candela Corporation, Inc. | Page 4 |

"amend the complaint." *Id.* at ¶ 1. The Court granted the motion. Docket No. 29.

AE Medical filed an amended complaint. Docket No. 30. Candela moved to dismiss the amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 31. AE Medical filed an opposition. Docket No. 32. Candela replied, Docket No. 38, after timely seeking leave to do so, Docket No. 37, a request the Court granted, Docket No. 39. AE Medical surreplied, Docket No. 42, after also seeking leave, Docket No. 40, which the Court granted, Docket No. 41. The motion to dismiss is thus fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Under Rule 12(b)(6), "a party may assert," as Candela has done, "by motion . . . failure to state a claim upon which relief can be granted." Lest it be dismissed, the amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

| AE Medical Technologies, Inc. | Page 5 |
|---|---:|
| v. Candela Corporation, Inc. | |

The Court "accept[s] as true all well-pleaded facts set out in the [amended] complaint and indulge[s] all reasonable inferences in favor of [AE Medical]." *SEC v. Tambone*, 597 F.3d 436, 441 (1st Cir. 2010). It "draw[s] the facts from the [amended] complaint, documents attached to or fairly incorporated into the [amended] complaint, facts susceptible to judicial notice, and concessions in [AE Medical's] response to the motion to dismiss." *Cheng v. Neumann*, 51 F.4th 438, 441 (1st Cir. 2022) (cleaned up). Finally, the Court "credit[s] neither conclusory legal allegations nor factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 33–34 (1st Cir. 2022) (cleaned up).

AE Medical invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. The Court "must apply the substantive law of Puerto Rico." *Rodríguez v. Señor Frog's de la Isla, Inc.*, 642 F.3d 28, 36 (1st Cir. 2011). And it must do so "exactly as a [Puerto Rico] court would." *Alexandre v. Nat'l Union First Ins. Co.*, 22 F.4th 261, 271 (1st Cir. 2022).

| | |
|---|---:|
| AE Medical Technologies, Inc.<br>v. Candela Corporation, Inc. | Page 6 |

### III. ANALYSIS

The Court starts with a rather rudimentary issue. It is not immediately apparent from the amended complaint what AE Medical's causes of action are.

Following the "jurisdiction," Docket No. 30 ¶¶ 1–2, and "facts" sections, *id.* at ¶¶ 3–10, there is a section on "tortious interference," *id.* at ¶¶ 11–27, which is followed by the last section, titled "damages," *id.* at ¶¶ 28–31. There, AE Medical alleges $1 million in damages under Article 1536 of the Puerto Rico Civil Code for "tortuous, malicious and interference [sic]," *id.* at ¶ 30. But it also alleges more than double that in damages under the Puerto Rico Dealers Act. *Id.* at ¶ 29. There is no separate section in the amended complaint as to the Dealers Act, unlike with tortious interference.

It is "reasonably clear" that the Federal Rules of Civil Procedure do not require "us[ing] separate counts to state different theories of recovery or to seek relief under separate statutory provisions." Wright & Miller, 5A Federal Practice and Procedure § 1324 (4th ed. 2025 update). The pleader, though, "may choose to do so for clarity or out of caution." *Id.*

| AE Medical Technologies, Inc. | Page 7 |
|---|---|
| v. Candela Corporation, Inc. | |

AE Medical did not exercise caution. Still, it is rather clear that it is under both the Dealers Act and Article 1536 that AE Medical brought suit. The Court proceeds on that basis.

### A. Dealers Act

The Dealers Act, or Law 75, "governs the business relationship between principals and the locally appointed distributors who market their products." *Caribe Indus. Sys. v. National Starch & Chem. Co.*, 212 F.3d 26, 29 (1st Cir. 2000). Under Section 278a, "[n]otwithstanding the existence in a dealer's contract of a clause reserving to the parties the unilateral right to terminate the existing relationship, no principal or grantor may directly or indirectly perform any act detrimental to the established relationship or refuse to renew said contract on its normal expiration, except for just cause." 10 L.P.R.A. § 278a. The Act, in other words, covers both unilateral termination and "conduct of a principal 'detrimental to the established relationship,' even where the contract was not terminated." *Caribe*, 212 F.3d at 29.

"[C]onduct detrimental to the distribution relationship" means "'whether the terms of the contract

| AE Medical Technologies, Inc. | Page 8 |
|---|---|
| v. Candela Corporation, Inc. | |

existing between the parties have been impaired.'" *Id.* (quoting *Vulcan Tools of P.R. v. Makita U.S.A., Inc.*, 23 F.3d 564, 569 (1st Cir. 1994)).[1] Termination, on the other hand, means just that: a "unilateral[] end [to] the relationship." *Id.*

It is undisputed that Candela is a principal and AE Medical a local distributor and that their agreement falls under the Dealers Act. *See* Docket No. 30, ¶¶ 3, 9; Docket No. 31, pg. 1. But which of unilateral termination or detrimental conduct AE Medical is alleging Candela committed is hard to discern from AE Medical's confused pleadings. AE Medical speaks of a continuing relationship. *See* Docket No. 30, pg. 9 ("[T]he distributorship relationship is still in effect and has not been cancelled."). At the same time, it accuses Candela of "unilateral cancellation." *Id.* at ¶ 26.

AE Medical's own exhibits show a continuing relationship. *See, e.g.,* Docket Nos. 30-8. "It is a well-settled

---

[1] *See also Goya de Puerto Rico, Inc. v. Rowland Coffee*, 206 F.Supp.2d 211, 216–17 (D.P.R. 2002) ("The term detrimental' which appears in the English version of the statute is a translation for 'menoscabo' which is synonymous of the words 'impairment,' 'diminution,' 'deterioration,' or 'undermining.'") (citing Simon and Schuster's International Dictionary 1348, Part II: Spanish–English (1973)).

| AE Medical Technologies, Inc. | Page 9 |
|---|---:|
| v. Candela Corporation, Inc. | |

rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) (cleaned up). AE Medical, in other words, cannot allege unilateral termination when its own exhibits, not to mention parts of its pleadings, allege impairment. *See Cheng*, 51 F.4th at 445. The Court determines that AE Medical is alleging impairment by Candela.

The "parameters" of AE Medical's rights "are established by the terms" of its contract with Candela. *Caribe*, 212 F.3d at 29. Indeed, the Act "only protects against detriments to contractually acquired rights." *Id.* (quoting throughout *Vulcan Tools*, 23 F.3d at 569).

AE Medical provided the contract as an exhibit to both the original, Docket No. 3-3, and the amended complaints, Docket No. 30-1. Candela treats the document as the relevant contract. *See* Docket No. 38, pg. 8 n. 24. The Court proceeds on that basis.

As with other matters highlighted above, AE Medical is most unclear on which provisions of its contract it is relying.

| AE Medical Technologies, Inc. | Page 10 |
| v. Candela Corporation, Inc. | |

The amended complaint cites to the contract once, to assert simply that there is a "distribution contract" between Candela and AE Medical under which the former is the "principal" and the latter "the exclusive distributor for the Commonwealth of Puerto Rico of Candela's products." Docket No. 30, ¶ 3. There is no further elaboration in the amended complaint as to which provisions of the contract are relevant. Neither the opposition to the motion to dismiss nor the surreply provide any illumination.

"[A] litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (quoting *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988)). Courts are not "to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Id.* Accordingly, courts have dismissed contract and tortious interference claims for failure to cite to a particular contractual provision. *See, e.g., Quality Res., Inc. v. Pfizer, Inc.*, 14-cv-1149-CEJ, 2015 WL 417997, at * 4 (E.D. Mo. Jan. 30, 2015), aff'd, 622 F. App'x 606 (8th Cir. 2015); *MRG Construction*

*Corp. v. CBS Service*, LLC, 23-cv-241-MGG, 2024 WL 2049467, at * 6 (N.D. Ind. May 8, 2024).

If AE Medical's pleadings were otherwise clear, the Court might have been inclined to look at the contract and discern by itself the contractually acquired rights AE Medical thinks violated. *See Knox v. Vanguard Group, Inc.*, 15-cv-13411-FDS, 2016 WL 1735812, at * 4 (D. Mass. May 2, 2016); *Ankor Energy LLC v. Merit Management Partners I, L.P.*, 24-cv-1953, 2024 WL 5246761, at * 2 (E.D. La. Dec. 30, 2024). But AE Medical's pleadings are far from clear.

Pleading impairment requires pleading "detriments to contractually acquired rights." *Caribe*, 212 F.3d at 29 (quoting throughout *Vulcan Tools*, 23 F.3d at 569). AE Medical does not cite to contractually acquired rights. The Court cannot "play archaeologist with the record." *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) (Easterbrook, J.).

## B. Article 1536

Article 1536 was introduced by the 2020 Civil Code. *Sandoval v. Hospital Oriente, Inc.*, --- F.Supp.3d ----, 2025 WL 814964, at * 9 n. 1 (D.P.R. 2025). The 2020 Civil Code "has yet

| AE Medical Technologies, Inc. | Page 12 |
|---|---|
| v. Candela Corporation, Inc. | |

to be officially translated into English." *Seda-Rodríguez v. Centro Médico Episcopal San Lucas Ponce, Inc.*, 23-cv-1207-ADC, 2025 WL 1159070, at * 1 n. 1. (D.P.R. Mar. 26, 2025). No translation has been furnished. In any event, "Article 1536 contains the same elements as its predecessor," Article 1802, and "[a]ll caselaw analyzing Article 1802 remains in effect and will be applied to any actions brought pursuant to Article 1536." *Sandoval*, 2025 WL 814964, at * 9 n. 1 (cleaned up).

"Article 1802 'generally does not apply in the context of commercial transactions.'" *Lebron v. Reyes Rosado*, 24-cv-1045-SCC, 2025 WL 89140, at * 6 (D.P.R. Jan. 14, 2025) (quoting *Linares-Acevedo v. Acevedo*, 38 F. Supp. 3d 222, 228 (D.P.R. 2014)). But the Puerto Rico Supreme Court has recognized a cause of action for tortious interference under Article 1802. *A.M. Capen's Co., Inc. v. Am. Trading & Prod. Corp.*, 200 F. Supp. 2d 34, 48 (D.P.R. 2002) (citing *General Office Products v. A.M. Capen's Sons*, 15 P.R. Offic. Trans. 727, 1984 WL 270915 (1984)). And it has also found Article 1802 applicable to an exclusive distributorship agreement under the Dealers Act, at least as long as "high ranking public interests" do not "prevent it." *Id.*

| AE Medical Technologies, Inc. | Page 13 |
|---|---:|
| v. Candela Corporation, Inc. | |

(quoting throughout *General Office Products*, 15 P.R. Offic. Trans. at 734–35).

It is unclear whether AE Medical is accusing Candela of tortiously interfering with their contract or with contracts AE Medical has with third parties. *See* Docket No. 30, ¶¶ 11–26, 30. Either way, AE Medical fails to state a claim.

Tortious interference requires "a contract with which a third party interferes," that "the third party [is] at fault," that "the contracting party . . . suffer[s] damages," and that the damages are "a result of the third party's interference." *Sterling Merch., Inc. v. Nestle, S.A.*, 546 F. Supp. 2d 1, 3 (D.P.R. 2008). Three of the four elements involve a third party, in other words. There is no liability for tortious interference with one's own contract under Puerto Rico law. That a third party is required "[c]ourts consistently hold." *Pelegrina Med., Inc. v. Philips Med. Sys. Nederland, B.V.*, 13-cv-1107-FAB, 2013 WL 12409305, at * 6 (D.P.R. July 23, 2013).

As to interference by Candela with contracts AE Medical may have with third parties, AE Medical fails to state a claim here as well. Tortious interference under Puerto Rico

| AE Medical Technologies, Inc. v. Candela Corporation, Inc. | Page 14 |
|---|---|

law requires a fixed-term contract that is not terminatable at will. *R.R. Isla Verde Hotel Corp. v. Howard Johnson Int'l, Inc.*, 121 Fed.Appx. 870, 871 (1st Cir. 2005). In its amended complaint, AE Medical does not plead fixed-term contracts. In the opposition, AE Medical even states that "[t]his is not a basis for dismissal because. During [sic] the discovery [it] will totally prove [fixed-term contracts with third parties]." Docket No. 32, pg. 17. But failure to plead that third-party contracts are for a fixed term does mean dismissal. *See, e.g., Triangle Cayman Asset Company v. LG & AC, Corp.*, 16-cv-2863-FAB-BJM, 2018 WL 10581533, at * 8 (D.P.R. June 28, 2018). So it must here.

### C. A Final Matter from the Briefing

"Fortunately," says AE Medical, "the legal threshold" to "clear" a motion to dismiss under Rule 12(b)(6) "is rather low." Docket No. 32, pg. 2. It "respectfully stresses that once this Honorable Court takes the facts alleged in the amended complaint and second amended complaint as true, denying [Candela's] motion becomes a straightforward matter," and AE Medical is thus entitled to discovery. *Id.* at pg. 23.

| | |
|---|---:|
| AE Medical Technologies, Inc.<br>v. Candela Corporation, Inc. | Page 15 |

The Court cannot "take[] the facts alleged in the . . . second amended complaint as true" because a second amended complaint does not exist. And unfortunately for AE Medical, the Rule 12(b)(6) threshold is not nonexistent. The Court has "take[n] the facts alleged in the amended complaint . . . as true." It fails to state a claim upon which relief can be granted. The Court thus cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 679.

### D. Dismissal

Dismissal for failure to state a claim is generally with prejudice. *See United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004). That has to be the case with the Article 1536 claim. It is blackletter Puerto Rico tortious interference law that one cannot tortiously interfere with one's own contract and that to state a claim there is an obligation to plead that third-party contracts are for a fixed term, and AE Medical was on notice by Candela's motion. *See Emerito Estrada Rivera-Isuzu de P.R., Inc. v. Consumers Union of U.S., Inc.*, 233 F.3d 24, 30–31 (1st Cir. 2000). AE Medical was also on notice by the judgment against it for those exact same

| AE Medical Technologies, Inc. | Page 16 |
| v. Candela Corporation, Inc. | |

reasons in another case it brought in this District just a few years ago. *See AE Medical Technologies, Inc. v. Philips Med. Sys. Nederland B.V.*, 21-cv-1409-ADC, Docket No. 39 (D.P.R. Aug. 16, 2022); Docket No. 42, ¶ 2 (AE Medical stating that it did file that case). Accordingly, the Article 1536 claim will be dismissed with prejudice.

But the Dealers Act claim will be dismissed without prejudice. Because of AE Medical's unclear filings, the Court could not "pass[] directly on the substance of [the Dealers Act] claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501–02 (2001) (cleaned up). This dismissal "is not to be read as an invitation to amend." *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 628 (1st Cir. 2000). *See also Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015) ("We wish to discourage this practice of seeking leave to amend after the case has been dismissed."). Rather, it means that this dismissal does not preclude another lawsuit under the Dealers Act in this District or elsewhere. *Mirpuri*, 212 F.3d at 628.

| AE Medical Technologies, Inc. | Page 17 |
| v. Candela Corporation, Inc. | |

## IV. CONCLUSION

AE Medical failed to state a claim. The motion at Docket No. 31 is **GRANTED**. AE Medical's Article 1536 claim is **DISMISSED WITH PREJUDICE**. AE Medical's Dealers Act claim is **DISMISSED WITHOUT PREJUDICE**. Judgment to enter.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of May 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE